## THE PEOPLE *v.* GARRETT.

A deposition taken before an examining magistrate, on the preliminary examination of a person charged with the commission of a felony, is not admissable on his trial. First—Because the magistrate is not authorized or required to take it; and second, because taken before the defendant was held to answer.

APPEAL from the District Court of the Sixth Judicial District.

On the trial of defendant under an indictment for murder, he offered in evidence the deposition of one Swigert, taken before the Recorder of Sacramento City on his preliminary examination. As preliminary to the introduction of the deposition, defendant offered to prove that Swigert was out of the State, and that the deposition was taken down by question and answer, from the fact that the magistrate was informed that Swigert was about to leave the State, and that if the defendant should be held to answer, he would otherwise be deprived of the benefit of Swigert's testimony; and also, that the witness was cross-examined by the district attorney, and that Swigert did in fact leave the State for the East, as defendant's attorney had stated he was about to do. The Court below ruled out the preliminary testimony as inadmissible and irrelevant, and excluded the deposition, and defend-

ant filed his bill of exceptions thereto. Defendant was convicted and appealed.

*Harmon, Sunderland and Stanley* for Appellant.

Defendant relies on the following points :

The Court erred in excluding the deposition of Swigert.

1. This deposition was taken in a *judicial proceeding* between the *same parties ;* the State cross-examined the witness, and it is a substantial compliance with the statute. See Compiled Laws, p. 495 § 562, *et seq.,* 575 ; p. 442, § 153 ; p. 424, §§ 11, 3.

· 2. The statute having so far departed from the common law as to allow depositions to be used in criminal cases, is satisfied by a substantial compliance with its provisions. 2 Starkie's Nisi Prius R., 211, and note ; 1 British Crown Cases, 340 ; Starkie on Evidence, part 4, p. 486 ; Durnford & East., vols. 3 and 4, p. 391.

3. Whenever a witness has been examined and cross-examined, and then, at the time of trial, is out of the State, his former testimony is admissible on general principles. See cases above cited, and 4th Term Reports, 290.

*Sanders and Ferguson* for the People.

The admission of depositions in evidence in criminal cases, is in derogation of the common law, and if not taken in conformity with the statute, a deposition cannot be read.

The opinion of the Court was delivered by Mr. Chief Justice MUR-RAY. Mr. Justice TERRY concurred.

The appellant was convicted of murder. The only error assigned is the exclusion, on the trial, of a certain deposition taken before the Recorder of Sacramento city, on his preliminary examination, before being held to answer. The deposition was taken upon notice to the State's attorney, who was present and cross-examined the witness. It is urged that this is a sufficient compliance with the statute, and inasmuch as the deposition was taken in the course of a judicial investigation, between the same parties, it was admissible as evidence upon the final trial.

Several English authorities have been cited to sustain this position. These cases arose under a statute requiring examining magistrates to reduce the testimony of witnesses to writing, and it was held that such depositions might be used on the final hearing. These decisions differ from the present case in this, that the law does not direct the recorder to take the depositions of witnesses on preliminary examinations, and that the statute of this State permitting depositions to be read upon criminal trials, only authorizes such depositions to be taken after the prisoner has been held to answer. Proof by deposition was unknown to, and is an innovation upon, the common law ; and, as repeatedly held, it is necessary that the statute should be followed strictly.

The deposition in this case was inadmissible. First, because the

recorder was not authorized or required to take it; and second, because taken before the defendant was held to answer.

The judgment is affirmed, and the Court below directed to appoint a day for executing the sentence.